ROBERTSON v. THE CENTRAL RAILWAY Co.

1. **Railroads**: TRESPASS: RIGHT OF WAY. Where the petition embraced two causes of action, damages for the trespass and for the right of way taken, and an offer of compromise was made and accepted in the case both claims were thereby settled and adjusted.

2. ——: COMPROMISE: DEED FOR RIGHT OF WAY. Under the pleadings the compromise stood in place of the judgment of a court, and upon payment of the amount agreed upon the defendant had the right to demand a deed for the right of way, and the court had jurisdiction to order the deed executed.

3. ——: PRACTICE. The appointment of a commissioner to execute the deed for the right of way, upon the tender of the amount agreed upon therefor, without giving the party a reasonable time in which to execute it, if irregular, worked no prejudice, and affords no ground for reversal.

*Appeal from Marshall District Court.*

MONDAY, DECEMBER 12.

ON the 20th day of May, 1880, the plaintiff filed in the Marshall District Court his petition, in substance alleging that he is the owner of a certain quarter section of land, and that on the 14th day of June, 1867, the Eldora Railroad and Coal Company, being desirous of procuring a right of way over said premises, caused the appointment of a sheriff's jury, which assessed the plaintiff's damages at ten dollars, which sum said company deposited with the sheriff; that on the 28th day of June, 1867, the plaintiff appealed from said assessment to the District Court of Hardin county, in which, on the 11th of June, 1870, judgment was rendered in favor of plaintiff against the Eldora Railroad and Coal Company for the sum of $220 with interest at 6 per cent, together with costs, taxed at $41.35; that soon after the rendition of said judgment the Eldora Railroad and Coal Company was dissolved and merged in a new one, called The Iowa Valley Railroad Company, which succeeded to the property of the Eldora Railroad and Coal Company, including its track and line over plaintiff's land; and afterward, about the year 1870, the said Iowa Valley Railroad Company was dissolved and merged in the Central Railroad Company of Iowa, which succeeded to all the property of the Iowa Valley Railroad Company; that afterwards a mortgage executed by the Iowa Central Railroad Company was foreclosed, and under decree the property was sold to the trustees of the bondholders, who subsequently formed a new company under the name of the defendant herein, and the defendant took possession of all the property of the said Central Railroad Company of Iowa; that the said companies have had possession of that part of the land of plaintiff over which the railway track of said defendant runs since June 11th, 1870; that no part of said judgment has been paid, and that plaintiff has never con-

veyed.any right of way over said land to defendant or any of said railroad companies. The petition then proceeds as follows: "Yet, nevertheless, your petitioner is willing to convey to defendant right of way over said lands upon payment of the judgment herein before mentioned, and the interest thereon, and the costs of said suit, or such sum as may herein be adjudged to your petitioner in this or any other lawful proceeding for the purpose of ascertaining the amount thereof. Petitioner further states that said defendant is a mere trespasser upon the said lands of your petitioner, and its use and occupation by said defendant has been a continuous usurpation and trespass since defendant took possession of the same, and that your petitioner has been thereby greatly damaged, to-wit, in the sum of $1,000. Wherefore, petitioner prays the court that upon the final hearing of this cause the court will order, adjudge and decree that the defendant is and has been, since June 17th, 1879, a trespasser upon the said property of your petitioner; that its use and occupation of the said lands of your petitioner is a usurpation without right or authority of law; that defendant shall pay your petitioner the damages sustained by him by reason of said trespass and usurpation, and for right of way over said lands, the sum of $1,000, within a reasonable time to be fixed by the court; and that your petitioner have execution for such sum as shall be found as damages to your petitioner for said tresp ass and usurpation; and that in default of payment of such sum as the court shall adjudge to be the value of the right of way over and through your petitioner's said lands, that the defendant be perpetually enjoined from further and other occupation and use of said lands or any part thereof; that defendant pay the costs of this suit, and that the court will grant such other and further relief as is consistent with equity and good conscience." The defendant answered, alleging payment of the assessment of the sheriff's jury and a dedication of the right of way by plaintiff, and pleading an estoppel. On the 26th of November, 1880, the defendant served

on plaintiff's attorney, an offer of compromise, as follows: "To Anthony Robertson: The Central Iowa Railway Company hereby offers, as provided by the Code, to compromise the cause pending in the District Court of Marshall county, Iowa, in which you are plaintiff and it is defendant, by allowing judgment to be taken against said defendant for two hundred dollars and costs."

On the 30th day of November, 1880, the plaintiff caused to be served on the attorneys of the defendant an acceptance of the offer of compromise, as follows: "To the above named defendant: Your offer of compromise allowing plaintiff to take judgment against you for two hundred dollars and costs in the above entitled cause is hereby accepted, this the 30th day of November, A. D. 1880."

ANTHONY ROBERTSON, *plaintiff*.

On December 13th, 1880, the plaintiff filed in court the foregoing offer and acceptance of compromise. On January 24th, 1881, the court entered a judgment and decree reciting the foregoing facts as apparent from the pleadings and the offer and acceptance of compromise, and then proceeding as follows: "And it further appearing to the court that thereupon defendant tendered and offered the said sum of two hundred dollars, interest from November 26th, and costs $206, and requested a deed of right of way and tendered, and same was refused, and defendant now tenders said sum, interest and costs $206, on condition of a conveyance, as contemplated in the petition, which is again refused by the plaintiff upon the ground that he is under no obligation to make said conveyance by reason of acceptance of said offer of compromise. The deed ready written tendered plaintiff is hereto annexed. Thereupon it is ordered and decreed that C. E. Boardman is appointed a commissioner to make said conveyance, as provided by the Code, the same to be submitted to this court for approval; that the plaintiff have judgment against the defendant for two hundred dollars and six per cent interest from November 26, 1880,

and the costs of this suit taxed at ———— dollars, except costs of commissioner's deed, which are taxed to plaintiff at $3.00."

The commissioner thereupon executed to the defendant a deed purporting to convey to defendant the right of way over plaintiff's land, one hundred feet wide along the line of railway as now laid, which deed the court approved. The plaintiff thereupon filed a motion to set aside said decree and deed, which motion the court overruled.

Subsequently all that part of the decree purporting to tax three dollars to the plaintiff for deed of commissioner, was stricken out, the defendant having requested the same remitted. The plaintiff appeals.

*Henderson & Carney*, for the appellant.

*H. E. J. Boardman* and *A. C. Daly*, for apppellee.

Day, J.—I. It is insisted by the appellant that the petition, although in form of a bill in equity, is to recover damages for a trespass only; that the prayer was framed with the pleader's eye on section 1257 of the Code, and that the compromise related only to the claim of damages for the trespass, and had no reference to the compensation to be made for right of way. These positions are not tenable. The petition prays both specific and general equitable relief. The plaintiff does not ask that judgment shall be entered as in an ordinary law action, but prays that the court will order, adjudge and decree that the defendant is, and has been since June 17, 1879, a trespasser upon said property, etc. The claim is not confined to the damages arising from the trespass simply, but the plaintiff prays that the court "will order, adjudge and decree,     *     *     *     that defendant shall pay your petitioner the damages sustained by him by reason of said trespass and usurpation, and for right of way over said lands the sum of $1,000." It is very clear from the petition that the plaintiff sought some order from the court,

1. RAIL-
ROADS : tres-
pass : right of
way.

which would require the defendant to pay for the trespasses committed since June 17, 1879, as well as for the right of way which had been in the possession of the defendant and its predecessors since June 11, 1870.

The cause of plaintiff embraced these two claims, and when the offer of defendant to compromise the cause by permitting judgment to go against it for $200 and costs was accepted, both claims were satisfied and adjusted. It seems to us that a proper construction of the petition can have no reasonable doubt upon this question. The claim of the plaintiff is unjust and unreasonable. It cannot be supposed that the defendant for less than a year's occupation of a strip of land one hundred feet wide, across a quarter section of land, amounting to about six acres, agreed to pay $200, when the value of the land entire was assessed upon appeal at $220.

II. It is further claimed that there is no issue in the case warranting the court to decree a deed to the defendant. It is

2. ——: com- said the defendant did not ask such relief. But
promise:
deed. the plaintiff alleges in his petition that he is willing to convey to defendant right of way over said lands upon the payment of such sum as may herein be adjudged to petitioner. It was not necessary that the defendant should specifically demand what the plaintiff expressed a willingness to concede. The offer of compromise, it must be supposed, was made with direct reference to this statement in the plaintiff's petition. When the parties, by their agreement, determined the amount which should be paid, their determination stood in place of the judgment of the court, and upon payment of the sum agreed upon, the defendant had a right to demand that the plaintiff would do that which he expressed a willingness to do.

III. It is claimed that under section 1257 of the Code, no judgment can be rendered except for costs, and that therefore the court had no jurisdiction to order a deed. Section 1257, Code, applies to the trial of an appeal from the assessment of a sheriff's jury, which this case is not.

Robertson v. The Central Railway Company.

IV. It is urged in the motion to set aside the deed, that there was no testimony to show that defendant had tendered money to plaintiff, and that plaintiff had refused to execute a deed, and that if such were the facts, the court could not arbitrarily make a deed through a commissioner without giving the plaintiff a reasonable time to execute it. The decree recites that defendant tendered $206 and costs, and requested a deed, and that plaintiff refused, on the ground that he was under no obligation to make a conveyance. There is nothing in the record to show that this recital is incorrect, and, in the absence of any showing, its correctness will be presumed. Upon payment for the right of way the defendant became entitled to it absolutely. Even if it was irregular for the court to appoint a commissioner to execute a deed without giving the plaintiff a reasonable time in which to execute it, yet as the commissioner's deed was executed without cost to the plaintiff, the irregularity worked him no injury. We see no reason for disturbing the order of the court below.

V. The plaintiff submitted with the case a motion to strike from appellee's amended abstract the last two lines on the first page, and the first nine lines and the first four words in the tenth line of the second page. This matter does not appear to have been embraced in the record in any proper manner, and it is altogether immaterial to a proper determination of the case. It is therefore stricken out, and no costs will be taxed therefor.

AFFIRMED.